## MILLER v. MILLER'S ADM'X et al.

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Oct. 30, 1953.

Marvin Cornett, Stanford, for appellant.

Ernest G. Baxter, Stanford, for appellees.

STANLEY, Commissioner.

The appellant, Mrs. Mary Miller, sued her daughter, Mrs. Mary King, as administratrix of the estate of Charles Miller, also Mrs. King's husband and the plaintiff's husband as sureties on her bond to recover $2,750 alleged to be the plaintiff's one-half of assets not accounted for in the settlement. The court heard the witnesses orally, decided against the plaintiff, and she appeals.

Mr. and Mrs. Miller lived in Lincoln County before moving to Cincinnati. They had conveyed their farm and all its equipment and provender on hand to their son, Charles Miller, in consideration of his taking care of them. A few years afterward, in October, 1946, Charles Miller was killed in a motorcycle accident, and his sister, Mrs. King, a resident of Kentucky, qualified as administratrix of his estate. An inventory and appraisement were made, although it seems that a certain bank account and some notes were omitted. Perhaps this was for the purpose of concealment in contemplation of suits for damages against the estate which were later settled. But all this property was included in the administratrix' settlement duly filed in the county court in August, 1948. At that time the father and mother each received $2,319.33 from the personal estate.

Mrs. Miller, an elderly woman who speaks no English, had actively participated in getting together and dividing the property of her deceased son. Sometime later she and her husband separated and began living with different daughters in Cincinnati. This seems to be the root of this unfortunate family law suit. It appears quite satisfactorily that the items of property

claimed in the suit as not having been accounted for had been claimed by the parents on the ground that title to it had been restored by reason of the failure of the consideration for the conveyance of the land and transfer of the personalty because of the son's early death. These items were sold at an auction and the proceeds paid directly to the father. They make up all or nearly all of the claim asserted against the administratrix and sureties on her bond. If the plaintiff's husband did not deal fairly with her, she must look to him for remedy. He was before the court in this suit by constructive service only. We are not convinced that the decision of the court on what are wholly issues of fact is erroneous.

The judgment is affirmed.